Good morning. My name is Hillary Hahn and I represent the petitioner in this case. And if I may, I'd like to try to reserve two minutes of rebuttal. So you're calling him the petitioner to get out from under him, huh? I'll use his name throughout, I promise. As this Court is aware, Mr. Habtemicael, the exclusion proceedings against Mr. Habtemicael were initiated nearly 15 years ago. He was ordered, excluded, and deported by an immigration judge more than 10 years ago. And this case is now before this Court for the third time. These protracted immigration proceedings could have and should have been avoided because of one simple fact, and that is that Mr. Habtemicael, his assault conviction is not a crime of moral turpitude and does not render him excludable from the United States. Well, but that was already decided by one Court, wasn't it? Yeah, the government has argued that... Nunes seems to be right on point and seems to me that that's already been decided and we've got nothing to decide. Right. You even can see in your brief that we're mounted by Nunes. Yeah, I don't dispute the holding of Nunes. I mean, it's binding precedent. But this case is distinguishable from Nunes. In this particular case, in 2004, with Mr. Habtemicael's first petition for review, he was represented by Mr. Youngjong, who not only didn't argue that the conviction was a crime of moral turpitude, but he actually conceded that fact to this Court. Because of that, the Court just accepted the concession and dismissed the case for lack of jurisdiction. Under this Court's precedent, collateral establishment should not be applied where a party was not given a full and fair opportunity to litigate an issue. And it's hard to imagine any less fair opportunity to litigate an issue than to have an ineffective lawyer who doesn't raise the issue and it can't be decided on the merits by the Court. Well, but the problem comes in that they not only dismissed it for lack of jurisdiction in February of 2002, but then a writ of habeas corpus was filed, and the writ of habeas corpus came before us again. And the first question on that writ was, to what extent does this Court have jurisdiction to review the crime? Is the conviction res judicata? Does he seek to raise the issues not properly before the Court? We dismissed that as well. Right. And, again, Mr. Habtemichael is represented by Mr. Youngjohn, who throughout these proceedings conceded that the conviction was a crime of moral turpitude, despite the fact that there's binding Board precedent to the contrary. There's a case, matter of short, in which the Board held that assault with the intent to commit an unspecified felony is not a crime of moral turpitude. This conviction- Can we talk about that for just one second? Putting short itself aside, here, if you look to the judgment and the sentence and the documents that are appended to it, it is almost impossible not to conclude that he had to have been convicted of assault with the intent to commit a sex crime on an underaged child, because otherwise the restrictions imposed would be irrational, if not unconstitutional. And you don't require DNA testing absent a sex crime. So my question is, everything else aside, why isn't it under the modified categorical approach, we can't look to those documents and say it's enough? Because you look to the modified- under the modified categorical approach, you looked at the conviction records to determine the crime that he was actually convicted of. He was actually convicted of assault with the intent to commit a felony. That's what he pled to. He pled that that was the factual basis of the crime. There's the fact that he might have been restrict- that there might have been other punishments imposed as a result of the sentence don't mean that he was convicted of any particular felony. And that's the reason- Well, it doesn't necessarily mean it. But what I'm suggesting is that in this case, very similar to Strickland, in this case, it's almost inescapable that that's what his other felony, the felonious intent, had to have been. Right. It's just that nothing that's noticeable under the modified categorical approach- Well, Strickland comes very close. And it would be a minor step for us to take to say that you can, in fact, look to the documents, like a sex registration in Strickland, which was just a concurring opinion, I realize, but it's quite consistent with the majority in Strickland, to look at it and say the facts to which he- the facts of the conviction inescapably show a sex crime. Well, I don't- the problem, I think, and the reason why the Taylor approach is in place in the first place is that it's not inescapable because it could have been- I mean, first of all, he didn't plead to the charged crime, the probable cause related to the charged crime. So he applied to an amended information- I'm not worried about the probable cause. I'm looking at the judgment in sentencing documents, which are perfectly noticeable. I mean, there's no question they're noticeable. Right. Yeah, again, I mean, nothing specifies what the felony is. And the point- I mean, the point of the Taylor approach is to keep it from the immigration court relitigating the case and trying to figure out exactly what that felony was. I mean, it could be any number. Even under that approach, under your proposed approach, it could be any number of felonies that he potentially intended to commit. Yeah, and none of them good. That's probably the case. Nonetheless, that's not part of the conviction record, and that's not something that's noticeable under the modified categorical approach. Go ahead, Judge Balder. No, that gets it. Thank you. I guess my worry here is that what is my standard of review on this motion? Well, the court denies the motions to reopen for an abuse of discretion. All right, so we have an abuse of discretion, and we have you and the government arguing about whether this is really a crime involving moral turpitude, and we got no particular case right on point suggesting that it is or it isn't. Why isn't an abuse of discretion for them to suggest that in this particular matter we shouldn't reopen? Well, within this context, even if there's a legal issue raised within this context, that is reviewed. That's a question of law. Well, just a minute. This is an abuse of discretion review. If you can't find that this is an abuse of discretion, I can't reopen this case. We believe that this is a question of law. The question is, is assault with the intent to commit an unspecified felony. You don't have any case on the books that says this is a crime involving moral turpitude, correct? There's a published Board of Immigration Appeals case that says an assault with the intent to commit an unspecified felony is not a crime of moral turpitude. Well, that's the best you can come up with? It's a controlling Board of Immigration Appeals case. Well, I don't know whether it's controlling or not. That's the argument that you and the government are making. I guess my worry here is that in this particular matter, why is it that I go to abuse of discretion in these situations? Well, again, I think that the issue of whether a particular conviction is or is not a crime of moral turpitude is a question of law that's reviewed de novo. This Court has held in Marmolejo-Campos, which we cited in our 28-J letter, that the question of whether a conviction is a crime of moral turpitude is something that is a question of law. And if there's a published BIA decision on that issue, as there was in Marmolejo-Campos, this Court defers, gives Chevron deference to that determination. In Marmolejo-Campos, the Court deferred the matter of Lopez Mesa and held that an aggravated DUI was a crime of moral turpitude. Similarly, in this case, the Court should, I believe, defer to matter of short and find that assault with the intent to commit an unspecified felony, as Mr. Houghton-Michael is convicted of, is not a crime of moral turpitude. And if I may, I'd like to reserve my last 40 seconds. All right. May it please the Court, Gladys Stephens-Guzman, on behalf of the Attorney General. I'm sorry about that. This Court should deny the petition for review and affirm the Board's decision because the Board correctly exercised its discretion when it concluded that Petitioner could not establish prejudice or due diligence in filing his motion to reopen. To establish prejudice, he should, Petitioner has to establish that his first attorney's actions back in 1998 were so fundamentally unfair that he was prevented from unreasonably presenting his case. Well, it seems to me that you have, if not the ace of trumps, at least the king of trumps in Nunes. Why isn't it just Appleball and the game's over? Yes, Nunes versus Ashcroft definitely supports the government's position that whether or not his conviction constitutes a crime involving moral turpitude was already reviewed and decided by this Court back in 2000. But the difficulty with that is that it's really turning inside out on itself because the issue here is not the same as it was there. The issue here is ineffective assistance of counsel, and that's precisely what it has said caused this Court not to think. That is, we just accepted the government's proposition that it was a crime of moral turpitude because there was no opposition, not an unusual thing for us to do. So I have a little trouble understanding how it necessarily follows that Nunes controls. Nunes controlled because of the same issue. You went from a writ to an appeal or vice versa. And we said, no, no, no, you can't do that. But here the issue is one step removed. Nunes controls in this case because under Nunes, a determination that an underlying crime falls within the jurisdictional bar of 242A2C necessarily requires that a court first address whether that crime was, in fact, a crime that qualifies as a crime within the jurisdiction stripping bar. Therefore, whether or not he raised it. But there's no opposition. That's my point. There wasn't any opposition, and the argument here is the reason there wasn't any opposition is because counsel was ineffective. So you're just chasing your tail. But the thing is that he had one counsel at the agency level, and when he filed his first PFR in 2002, that was the same counsel as the counsel that filed the habeas petition that was resolved in 2004 over which we're claiming Nunes controlled. He can't claim an effective assistance of counsel there because it was the same counsel. Counsel went ahead and did the same thing over and over again. He can't claim the collateral is double. You can have a spiraling series of ineffectiveness, can't you? I mean, just because you get another bum lawyer doesn't mean there's no claim. But from his opening brief, that is not the ineffective assistance of counsel he's claiming. He's claiming that the ineffective assistance of counsel arose back in 1998 before he pled to his removal grounds, I'm sorry, to his excludability grounds back in 98. He's claiming that his first attorney didn't do the research necessary to determine whether or not his crime involved moral turpitude, despite shortening the ---- And neither did Youngjohn. And from his declaration, which has to be accepted as true, he only found out that both counsel were ineffective when he consulted current counsel. Right? Oh, I got my cases mixed up, which is possible. They are very similar in the sexual abuse aspect of it. Sometimes I have to make notes to distinguish them. He might be claiming that, but that would go to his due diligence claim. Even if he can establish due diligence, which we're not claiming, which we're not conceding, that he still would need to show prejudice as to whether or not meanness is controlling this case, which we need to separate from prejudice or due diligence. Whether or not meanness applies to this case, meanness would go to whether or not the crime involves moral turpitude was decided or not. And under meanness, that was decided because this court twice decided the issue. First, in its 242 dismissal. And second, when it came in direct appeal from the habeas petition. And as Judge Smith noted, the first question was, do we have jurisdiction because of res judicata? And the court decided, res judicata, we don't have jurisdiction over it. So to the extent he doesn't want meanness to control and want to have the petition, the underlying merits of the crime reviewed, whether it constitutes a CIMT or not, he can because of meanness, because he had two opportunities to do so. And sorry, two bites at the apple, you're done. The only issue over which this court has jurisdiction because he is a criminal alien is whether it's constitutional claims or questions of law. And that would go to whether or not he established prejudice by his first attorney's supposed, purported lack of research as to whether or not it constituted a CIMT before he conceded excludability. And the only reason that we have jurisdiction is because it's only a matter of prejudice rather than ineffective assistance? Well, ineffective assistance of counsel is a question of law. Well, but it isn't a question of law unless the facts are undisputed below. And as I understand it, the facts here are disputed. On one case, he did all he should have done, and then he says, not only did I do all I needed to do, but if my guy needs any help, I'll say I was ineffective and I'll change my mind. And then he sends it in and says, I do change my mind and I'll do what I need to do. So it seems to me there are questions of fact which had to be decided, but as I understand it, you can help me, the only reason that I have jurisdiction at all is because we're not talking about the ineffective or the below-standard work, but we're talking about the prejudice that comes from it, another of the two prongs of Strickland. Absolutely. Absolutely. In order to show ineffective assistance of counsel, that would be, which this Court's understanding to be a due process violation, you have to show three things. One, if you complied with the Losada requirements. Two, that you were diligent. That's where the Ramadan disputed versus undisputed facts comes into. And three, whether you could, even if you met prong one and two, if you were prejudiced. And the only thing, because as Judge Smith noted, the facts are disputed, the only thing over which this Court has jurisdiction is over whether or not petitioner, and I stick to petitioner because I can't pronounce his name, established prejudice. May I ask you a completely different question? Of course, Your Honor. That is, on his motion to reopen to the BIA, he also raised the issue of changed country conditions. And I have a little trouble reading the BIA opinion as having addressed that issue. Regardless of the BIA addressing it or not, under the Supreme Court's decision in Bagramastad, as a general matter, courts and agencies are not required to make findings and issues which is unnecessary to the results they reach. Because the BIA could reach a decision, in this case, without deciding the asylum changed country conditions decision. Why? Because of Nunes? Or because of what? Because of all of the above. Because of Nunes, because he couldn't establish prejudice, because he's a criminal alien, all of the above, Your Honor. So then if we don't agree with the government, we need to remand? If you don't agree with the government, of course, this Court would need to remand for the board to ---- Country conditions. Well, it depends on what the government, what the Court doesn't agree with the government. The conditions didn't particularly change from beginning to end, did they? Well, that's not at issue in front of this Court, so the government can't really speak to that at this point. And the Court shouldn't even address that. Well, as I understand it, if, in fact, we determine there wasn't a lack of due diligence, we determine that this isn't a crime involving moral turpitude, then at that point we go back to the regular stuff, and they didn't address country conditions, and therefore they better address it at the BIA level, wouldn't you suggest? Well, if that is the ultimate finding of this Court, that there was due ---- I'm sorry, you said that there was due diligence and there was prejudice? Yes. Well, yeah, it would have to ---- of course, it would have to remand for the Court to consider to carry forth proceedings pursuant to this Court's order. Thank you. Thank you, Your Honors. Just two quick points. On that last point, I would argue that even if the Court were to disagree with our position with regard to the ineffective assistance of counsel, the argument as to change country conditions was an alternative argument in the motion to reopen. It had nothing to do with whether or not prior counsel was effective or not. And so because of that, a remand is necessary, even if the Court disagrees with everything else we've argued, because the Board didn't address it in the first instance. Going back to the Nunez issue for just a moment, if I could, I think, again, the distinguishing factor between this case and Nunez is the issue about a full and fair opportunity to litigate. In Nunez, there was no argument by the petitioner that he was not given that full and fair opportunity to litigate the case. We cited a case from the Southern District of New York, Velez v. Reynolds. In that case, the Court found that an issue, that there was not a full and fair opportunity to litigate an issue in a prior proceeding because, first of all, the attorney representing the party in the prior proceeding was inadequate, and secondly, the Court was only able to make a cursory evaluation of the issue in that prior proceeding. I think that case is on point here. Thank you. Thank you very much for your argument. Thank you both for your arguments. The case 0773143, Abbott v. Michael v. Holder, is hereby submitted.
judges: Walter, Rymer, Smith N. R.